

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NOS. WR-84,648-01 & -02 & -03

### EX PARTE REED LEWIS ROBERTS, Applicant

### ON APPLICATIONS FOR WRITS OF HABEAS CORPUS
### CAUSE NOS. 4909-A & 4954-A & 4953-A
### IN THE 216TH DISTRICT COURT FROM KENDALL COUNTY

*Per curiam*.  **ALCALA, J., filed a concurring opinion.**

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of three counts of aggravated sexual assault and sentenced to eighty years', ten years', and eighty years' imprisonment. The ten year sentence in Cause No. 4954 was ordered to run consecutively to the eighty year sentences in Cause No. 4909 and Cause No. 4953.

Applicant contends, among other things, that his plea was involuntary, and that counsel rendered ineffective assistance by failing to investigate Applicant's mental health issues, failing to

request a competency evaluation, and failing to file a motion to suppress Applicant's coerced confession. Applicant also alleges that counsel failed to timely convey a plea offer of forty years. Applicant also alleges, in the -02 application, that in Cause No. 4954, he pled guilty to committing the offense alleged in the indictment: indecency with a child. *See* TEX. PENAL CODE § 21.11(a)(1). However, the judgment reflects that Applicant was convicted of aggravated sexual assault of a child.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether Applicant's plea was involuntary. The trial court shall also make findings of fact and conclusions of law as to whether counsel failed to expand his investigation into Applicant's mental illness, failed to file any motions regarding Applicant's competency or request a competency evaluation, and failed to file a motion to suppress Applicant's confession. The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make

findings of fact and conclusions of law as to whether the State offered forty years for these offenses and, if so, whether counsel failed to timely convey this offer. The trial court shall also determine whether Applicant was prejudiced under the standard set out in *Missouri v. Frye*, 132 S. Ct. 1399 (2012). The trial court shall also make findings as to whether the judgment in Cause No. 4954 contains a clerical error. The trial court shall also make findings as to whether the State would be prejudiced by Applicant's delay in presenting any of these claims under the doctrine of laches. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

These applications will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 5, 2016
Do not publish